## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN GILMORE,

        Plaintiff,

vs.                                                No. Civ. 02-0734 LH/ACT

MARY PACIOS,

        Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment (Docket No. 4); Defendant's Motion for Order Setting Aside Entry of Default Pursuant to FED. R. CIV. P. 55(c) (Docket No. 12) ("Motion to Set Aside"); and Defendant's Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b) (Docket No. 11) ("Motion to Dismiss"). The Court, having considered the motions and briefs submitted by the parties and the applicable law, and otherwise being fully advised, finds that Plaintiff's motion for default judgment should be **denied,** Defendant's motion to set aside entry of default should be **granted,** and Defendant's motion to dismiss should be **denied.** The Court Clerk's November 4, 2002 entry of default is hereby vacated and this case is fully reinstated on the Court's docket.

### I.      Background

On June 25, 2002, Plaintiff filed this lawsuit, alleging breach of contract, intentional interference with prospective contract, and prima facie tort. Among other relief, he seeks a declaration of his contractual rights and duties, as well as his copyright ownership rights to the book

1

entitled *SEVERED: The True Story of the Black Dahlia Murder*.

Plaintiff attached a number of exhibits to his complaint, including photocopies of a series of agreements entered into by the parties.  (Complaint, Exs. A, F & G).  The agreements pertained to the sharing of profits and expenses, as well as the intentions of the parties with respect to copyright ownership and authorship.  Each agreement purported to supercede the previous agreement.

In 1999, to end litigation initiated in California state court by Defendant, the parties entered into another agreement ("the novation") that reapportioned the parties' entitlement to proceeds.  (*Id.*, Ex. B).  The novation, by its terms, "is a novation on the subject of the division of gross receipts and the payment of expenses related to efforts to market the book Severed, and it supercedes all previous contract provisions concerning the rights of Gilmore and Pacios to the proceeds of Severed."  *Id.* at ¶1.  Additionally, the parties agreed that, "[i]f any dispute arises between the parties concerning the subject matter of this contract, it will be resolved by a single neutral arbitrator under the laws of the State of California.  Any arbitration shall be instituted and heard in San Francisco, California."  *Id.* at ¶6.

Defendant was served with the summons and complaint on July 26, 2002, and the sworn return of service was filed with the District Court Clerk on August 5, 2002.  Defendant admits to receiving a copy of the complaint and summons.  (Motion to Set Aside, ¶6).  However, after Defendant received notice of this lawsuit, her attorney in California advised her that this Court did not have jurisdiction and she did not have to answer or appear, neither of which she did.  At Plaintiff's request, the Clerk of Court entered default on November 4, 2002, and this Court set a hearing for Plaintiff's motion for default judgment, to be held on April 8, 2003.  On April 4, 2003, Defendant filed a motion to set aside the entry of default and a motion to dismiss pursuant to Federal

Rule of Civil Procedure12(b), at which time the Court vacated the hearing on Plaintiff's motion for default judgment.

## II.    Motion to Set Aside Entry of Default

"For good cause shown the court may set aside an entry of default..."  FED. R. CIV. P. 55(c). Default judgments are not favored, and doubts are to be resolved in favor of a trial on the merits. *See Klapprott v. United States*, 335 U.S. 601 (1949).  The decision to set aside an entry of default lies within the sound discretion of the district court. *Traquth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983).

Under Rule 55(c), the principal factors in determining whether the defendant has shown good cause are (1) whether the default resulted from culpable conduct by the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant has presented a meritorious defense.  *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir.1995) (unpublished opinion).  The "good cause" standard is more lenient if a default judgment has not yet been entered. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

Culpable conduct is willful misconduct, carelessness or negligence and is distinguishable from an honest mistake. *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981).  To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).  Failure to answer or otherwise contact the court after receiving actual notice demonstrates complete disregard for the authority of the court and is therefore culpable. *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001).

In the present case, Defendant claims her attorney advised her that she could refrain from

appearing in this Court because jurisdiction was lacking, and she was under the belief that any disagreement between the parties would have to be resolved through arbitration in California. Poor advice of counsel is not a valid excuse for failing to answer or respond to a summons, especially where, as here, Defendant is "no stranger to the court system." *Id*. The Court concludes that Defendant was negligent and reckless in refusing to answer or respond to the complaint. Accordingly, this Court finds that Defendant has failed to establish good cause for her failure to answer.

The Court is nevertheless compelled to set aside the entry of default, due to a lack of proof of prejudice to Plaintiff if the default were set aside. Before the Court could enter a default judgment, Plaintiff would be required to prove his entitlement to the remedies he seeks. FED. R. CIV. P. 55(b). The pleadings submitted thus far are inadequate for the Court to render such a judgment because of inconsistencies, conflicts, and gaps contained therein.[1] Nor is the Court able to dismiss the case in its entirety for lack of jurisdiction or failure to state a claim (See Part III below). The Court can discern no prejudice to Plaintiff that would result from setting aside the entry of default. Therefore, notwithstanding Defendant's culpable conduct, justice will be better served if the entry of default is set aside and the case is resolved on the merits.

III.     **Defendant's Motion to Dismiss**

A.       **Subject Matter Jurisdiction**

Plaintiff has alleged facts sufficient to establish diversity jurisdiction under 28 U.S.C. §1332. As of the date of filing his complaint, Plaintiff was a resident of Albuquerque, New Mexico, and

---

[1]Plaintiff's motion for a default judgment must be denied on these grounds as well.

Defendant was a resident of Portland, Oregon.  Based on the proceeds already realized from the publication of the book, it is clear that the value of this case has the potential of exceeding $75,000.  Therefore, this Court has diversity jurisdiction and Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.[2]

Defendant argues vigorously that the novation defeats subject matter jurisdiction because it contains a forum selection clause requiring disputes between the parties to be decided by an arbitrator in California.  It is disputed whether Plaintiff's claims are governed by the novation and its forum selection clause.  Even if the novation governs, however, the forum selection clause does not have the power to affect the subject matter jurisdiction of this Court, which is determined by an Act of Congress.  While the Tenth Circuit has not squarely addressed this question, it has suggested its tendency toward the majority view that forum selection clauses cannot affect a court's subject matter jurisdiction. *See Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir. 1992) ("[A] motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3).").  In any event, because this Court has diversity jurisdiction Defendant's motion to dismiss under 12(b)(1) will be denied.[3]

### B.    Personal Jurisdiction

Defendant's argument that this Court lacks personal jurisdiction is also without merit.  The

---

[2]Because subject matter jurisdiction exists under 28 U.S.C. § 1332, the Court need not determine whether federal question jurisdiction might also exist under 28 U.S.C. § 1331 as a result of Plaintiffs' claims under the Copyright Act, 28 U.S.C. § 1338.

[3]Because there are genuine issues of fact surrounding the applicability of the novation to this case, Defendant's motion to dismiss under 12(b)(3) must be denied as well.

Court must dismiss a lawsuit if the defendant lacks sufficient contacts with the forum for the Court to exercise personal jurisdiction over her and thus require her to travel to the forum and defend the lawsuit.  The Court holds the plaintiff to a *prima facie* standard, which requires only that the plaintiff make a proffer which, if believed by the fact finder, would be sufficient to confer personal jurisdiction.  *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

Pursuant to FED. R. CIV. P. 4(k)(1)(A), the Court refers to the New Mexico long-arm statute to determine personal jurisdiction.  New Mexico's long-arm statute states, in pertinent part: "[A]ny person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state..."  N.M. STAT. ANN. § 38-1-16.

New Mexico courts "use a three-step test to decide whether personal jurisdiction exists over nonresident, out-of-state defendants: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act." *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 244 (1989).  "However, as the first and third step of this test have been repeatedly equated with the due process standard of minimum contacts, the necessity of a technical determination of whether the non-resident committed an act enumerated by the long-arm statute has evaporated.  Rather, we search for the outer limits of what due process permits, because New Mexico's long-arm statute will extend as far as the constitution allows." *Santa Fe Techs. v. Argus Networks, Inc.*, 131 N.M. 772, 779 (Ct. App. 2001) (internal citations omitted).  The Court may consider matters outside the pleadings, but "resolves all factual disputes raised by conflicting

affidavits in Plaintiffs' favor." *Rogers v. 5-Star Mgmt., Inc.*, 946 F. Supp. 907, 910 (D.N.M. 1996).

Insofar as the acquisition of long-arm jurisdiction is concerned, New Mexico courts equate the "transaction of business" with the due process standard of "minimum contacts" sufficient to satisfy the "traditional notions of fair play and substantial justice" announced in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534 (1975). Therefore, to sustain personal jurisdiction, Plaintiff must demonstrate that Defendant transacted business here. Defendant's conduct and connection with New Mexico must be such that she should reasonably anticipate being haled into court here. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In *McIntosh v. Navaro Seed Co.*, 81 N.M. 302, 304 (1970), the New Mexico Supreme Court held that a single transaction, negotiated or performed, within the forum can be sufficient contact.

In this case, Defendant entered into an agreement in June of 1993 in New Mexico while she was a resident of this State. It is this agreement under which Plaintiff's claims arise, not the novation. This agreement falls under the New Mexico long-arm statute, because the Defendant was clearly transacting business within this state. Given that she entered this agreement in New Mexico while she was a resident of this state, it would be reasonable for her to anticipate being haled into court here. Therefore, this Court has the requisite personal jurisdiction over Defendant.

### C.   Failure to State a Claim

A claim will only be dismissed under Rule 12(b)(6) if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of this motion, the Court presumes

7

that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Gladstone, Realtors v. Bellwood*, 441 U.S. 91, 109 (1979).

Defendant alleges in her motion to dismiss that she has "absolute and meritorious defenses." Defendant's Motion to Dismiss at 3. However, each of these defenses, with the exception of the statute of limitations, is contingent upon a determination that the novation and mutual release control the issues in this case. The Court has concluded that it must defer ruling on the effect of the novation and mutual release until the parties conduct discovery.

With respect to the statute of limitations defense, Defendant seems to be referring to the time bar associated with copyright claims. *See, e.g.*, 17 U.S.C. §507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."). When the face of the complaint or extrinsic materials attached to the complaint reveal "built-in defenses," such as time-barring under a statute of limitations, the Court may dismiss the claim under 12(b)(6). *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996). However, the date of accrual of a plaintiff's cause of action for copyright infringement is based on discovery of the alleged infringement or the reasonable time by which the plaintiff should have discovered the infringement.

Under the facts averred by Plaintiff, he may well have discovered the alleged infringement(s) within the last three years. The Court, therefore, cannot now determine that Plaintiff can prove no set of facts that would entitle him to pursue a copyright infringement action. Because Defendant has failed to establish that Plaintiff has not stated a claim upon which relief can be granted, her Rule 12(b)(6) motions must be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' motion for default judgment is **denied**, Defendant's motion to set aside the entry of default is **granted**, and Defendant's motion to dismiss is **denied.**  The Court Clerk's November 4, 2002 entry of default is hereby vacated and this case is fully reinstated on the Court's docket.

     _____

     **SENIOR UNITED STATES DISTRICT JUDGE**